UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 21-10172-NMG

UNITED STATES OF AMERICA

v.

JAMES COUTURE

## ORDER ON DEFENDANT'S MOTION FOR RELEASE

February 11, 2022

Boal, M.J.

The government seeks the detention of defendant James Couture. For the reasons detailed below, I order Couture detained.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 1, 2021, Couture was charged by information with wire fraud in violation of 18 U.S.C. § 1343, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(l). Docket No. 1. On that same date, the Securities and Exchange Commission ("SEC") filed a civil suit against Couture which included allegations concerning his theft of approximately $385,000 from Victim F.

The grand jury then returned an indictment that included the charges contained in the information and added investment adviser fraud in violation of 15 U.S.C. §§ 80b-6 & 80b-17. Docket No. 18. That indictment included allegations that Couture took approximately $385,000 from Victim F's retirement account to pay Victim D. An initial appearance was held on July 23, 2021, at which time Couture was released on conditions. Docket Nos. 25, 26. The conditions of release included a prohibition on the commission of a federal, state, or local crime and a requirement that Couture avoid all contact, directly or indirectly, with any person who is or may

be a victim or potential witness in the investigation or prosecution unless in the presence of counsel.  Docket No. 26.  The government was directed to provide a list of victims and/or witnesses to defense counsel.[1]

On January 14, 2022, the government obtained a criminal complaint charging Couture with tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512(b)(1).  Docket No. 2 in 22-mj-7001-JCB.[2]  The complaint alleged conduct from no earlier than June 11, 2021, ten days after Couture was charged and also sued by the SEC, through on or about December 8, 2021.  In particular, Couture had numerous text communications with Victim F during which the government alleges that Couture falsely attempted to persuade Victim F that Couture had made him whole.  Couture also met in person with Victim F.

On January 18, 2022, Couture was arrested on the basis of the charges contained in the complaint.  On that same date, U.S. Probation filed a petition alleging that Couture violated his conditions of pretrial release and requesting that Couture show cause why his bail should not be revoked pursuant to 18 U.S.C. § 3148.  Docket No. 42.  At Couture's initial appearance on the complaint on January 18, 2022, the government moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(B) (serious risk of obstruction of justice).

At the subsequent detention hearing on January 20, 2022, the parties proceeded by proffer, and the government introduced nine exhibits.  Following the hearing, the parties submitted legal memoranda regarding the overlapping legal authority as a result of the government seeking detention pursuant to both 18 U.S.C. § 3142 and § 3148.  Docket Nos. 54,

---

[1] At the detention hearing, the government represented that it did provide such a list.

[2] These charges were incorporated into a January 20, 2022, superseding indictment.  Docket No. 48.

55. After careful consideration of the evidence, the parties' arguments at the hearing, and a Pretrial Services report recommending detention, I order Couture detained pending trial.

## II. ANALYSIS

### A. 18 U.S.C. § 3142

The government has moved for detention pursuant to 18 U.S.C. § 3142(f)(2)(B). I find that the government has proffered sufficient evidence to show a serious risk that Couture may obstruct or attempt to obstruct this judicial proceeding and/or threaten or attempt to threaten a prospective witness. Despite a clear order, Couture contacted at least one witness repeatedly. Such conduct is emblematic of the type that raises concerns about obstruction of a judicial proceeding and/or threats to prospective witnesses.

Where there is some risk, this Court should consider whether a combination of release conditions "will serve as a reasonable guard." United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991) (citations omitted). In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion, by clear and convincing evidence, to establish that no condition or combination of conditions will reasonably assure the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Ploof, 851 F.2d 7 (1st Cir. 1988); United States v. DeGrave, 539 F. Supp. 3d

3

184, 198 (D.D.C. 2021) (where the government does not argue that the defendant poses a flight risk, the clear and convincing standard applies).

### B. 18 U.S.C. § 3148

The government also seeks detention on the basis that the defendant violated his conditions of release. Pursuant to 18 U.S.C. § 3148(a), a person who has violated a condition of his pretrial release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148(a). The court shall enter an order of revocation and detention if, after a hearing, the court finds that (1) there is "probable cause to believe that a person has committed a Federal, State or local crime while on release" or "clear and convincing evidence that the person has violated any . . . condition of release;" and (2) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b). If there is probable cause to believe that a defendant committed a federal, state, or local felony, a rebuttable presumption arises that no condition or combination of conditions[3] will assure that the defendant will not pose a danger to the safety of any other person or the community. Id.

"Once the presumption is triggered, the defendant must produce only 'some evidence' to rebut it." United States v. Gennaco, 834 F. Supp. 2d 38, 40 (D. Mass. 2011) (quoting Dillon, 938 F.2d at 1416). "Nevertheless, production of such evidence does not cause the presumption to 'disappear'." Id. "'The burden of persuasion remains on the government and the rebutted

---

[3] In determining whether suitable release conditions exist for purposes of Section 3148, the judicial officer must take into account the same factors identified in Section 3142. See 18 U.S.C. §§ 3148(b)(2)(A) and 3142(g).

4

presumption retains evidentiary weight.'" Id.

With respect to the first prong, the return of the January 20, 2022, indictment is sufficient to establish probable cause that Couture committed a federal, state, or local crime while on pretrial release. See Gennaco, 834 F. Supp. 2d at 42 (citing United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986). As a result, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure that Couture will not pose a danger to any other person or the community. 18 U.S.C. § 3148(b). Pursuant to Section 3148(b)(1)(B), I also find, based on the evidence of record, that there is clear and convincing evidence that Couture violated the condition of release that he avoid all contact, directly or indirectly, with any person who is or may be a victim or potential witness in the investigation or prosecution unless in the presence of counsel.

### C. Analysis Of Individual Factors

Under Section 3148, I must determine that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community based on the factors outlined in 18 U.S.C. § 3142(g). Because I must make the same finding pursuant to Section 3142 in response to the government's motion for detention based on Section 3142(f)(2)(B), the following analysis applies to both statutory provisions.

#### 1. The Nature Of The Offense

Couture is charged with wire fraud, aggravated identity theft, investment adviser fraud, and witness tampering. The alleged criminal acts include, inter alia, defrauding investors of millions of dollars through false statements and representations, using a false identity during the commission of a felony, attempting to influence witness testimony, and obstructing official proceedings. The more recent allegations state that Couture contacted Victim F multiple times in

violation of both the law and his conditions of release.

### 2. The Weight Of The Evidence

With respect to the witness tampering charges, the weight of the evidence against Couture is substantial. Ninety pages of text messages between Couture and Victim F show a conversation that extends well past July 23, 2021, the date on which this Court released Couture on conditions, including the condition that he refrain from contacting victims or witnesses in the case. Moreover, the messages themselves reveal that Couture admitted to contacting at least one other witness in the case and to fabricating accounts. In addition, the government's exhibits indicate that in connection with the text messages, Couture created fake documents to show falsely that Couture had an account holding over three million dollars for Victim F. See also Docket No. 48 ¶¶ 29-32.

### 3. Defendant's History And Characteristics

Couture, age 43, was born in Worcester, Massachusetts. He is married but is going through a divorce. He has two daughters from the marriage. Couture is close with his parents and younger sister. He has another sister who lives in Wyoming.

Couture received a bachelor's degree from Brandeis University in 2000. From February 2009 to June 2020, Couture worked as a financial advisor at Private Wealth Management Group/LPL Financial. He was terminated because of the instant case. Between March 2010 and December 2021, Couture was also self-employed as a pension third-party administrator by CWM Retirement Plan Services. Couture closed the company because of the current case.

Apart from the charges associated with the instant case, Couture does not have a criminal history.

Couture reports that he suffers from several medical conditions that are recognized co-

morbidities with COVID-19.[4]  Couture is housed at the Wyatt Detention Facility which had a spike in COVID-19 cases at the end of January.  That spike has since subsided.  Couture has unfortunately contracted COVID-19 while at Wyatt.  Docket No. 56.

### 4. Dangerousness

The charges at issue involve allegations of deceitful behavior and abuse of trust.  The superseding indictment establishes probable cause that Couture made repeated false and misleading statements to his clients, and that he fabricated account information and documents.  In addition, the superseding indictment establishes probable cause that Couture continued to contact one of the witnesses in the case even after his initial arraignment and release.  His release, however, was premised on his abiding by conditions which included a directive to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution . . . ."  Docket No. 26 at 2.  Moreover, Couture's contact with the witnesses/victims after his release involved additional fabricated information and documents.

### 5. Assessment Of All Factors

Couture proposes that he be released on the added conditions of home confinement with no access to the internet (other than radio and television), no texting capabilities, and no smartphone/internet-enabled device access.

However, there is probable cause to believe that Couture committed new crimes even while ordered not to do so.  In addition, there is clear and convincing evidence that he violated another important condition of release relating to victim and witness contact.  Indeed, he exhibited an ongoing pattern of such prohibited communication.  He fabricated additional

---

[4] At the detention hearing, Couture represented that he is vaccinated.

information and documents which he provided to the witness for the purposes of deceiving him, which is exactly the kind of behavior at issue in the original indictment. The evidence of past conduct establishes a serious risk that Couture will obstruct or attempt to obstruct this judicial proceeding and/or threaten or intimidate or attempt to threaten or intimidate witnesses in the future if released.

Citing the ongoing COVID-19 pandemic, Couture argues that his medical conditions put him at high risk for complications and he should therefore be released. While this Court is mindful of the dangers posed by the COVID-19 public health crisis in custodial settings, Couture has not shown that those conditions mandate his release at this time. I find that Couture's medical circumstances are not so exceptional as to tilt the balance of competing considerations in his favor. Even assuming that Couture's conditions put him at higher risk, he had those conditions when he elected to violate his conditions of release and commit new crimes despite knowing the potential consequences for doing so.[5] He poses a serious danger to the community, and the proposed additional conditions do not alleviate that concern. The evidence shows that Couture contacted the victims by phone, email, text, and in person. Given that Couture disregarded the restriction on contact altogether, it is not clear that ostensibly removing electronic methods of communication would prevent Couture from continuing to attempt to obstruct this judicial proceeding. These risks outweigh a request to disregard his violations in favor of compassionate consideration of his condition.

In light of the above, I find that there is a serious risk that Couture will engage in or

---

[5] Couture signed and acknowledged his awareness of the conditions of release and the penalties including incarceration for violating those conditions. Docket No. 26 at 4. This Court also informed Couture orally of the conditions of his release and the penalties for a violation on July 23, 2021.

attempt to engage in conduct set forth in Section 3142(f)(2)(B).  Pursuant to both Section 3142 and Section 3148, I further find by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  Accordingly, I revoke defendant Couture's pretrial release and order him detained.

## ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) James Couture be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) James Couture be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which James Couture is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge